**In re WILLIAMS.**

**Patent Appeal No. 3373.**

**Court of Customs and Patent Appeals.**
**March 4, 1935.**

Langdon Moore, of Washington, D. C. (James Atkins, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This appeal relates to an application filed by appellant in the United States Patent Office for reissue of his original patent No. 1,691,002 of November 6, 1928, which related to safety control mechanism in liquid fuel feeding devices. The Examiner allowed most of appellant's claims, but rejected claims 3, 4, 5, and 25 to 30, inclusive, as being unsupported by the disclosure of the original patent sought to be reissued. The Board of Appeals affirmed this rejection of the Examiner, and it is from the decision of the Board that this appeal was taken. Claim 3 is illustrative, and follows: "3. The combination with a fuel burning device comprising, electrically operated means for projecting air and fuel into a zone of ignition, a combustion chamber and a safety de-

vice including a switch member adapted to stop the burner upon failure of combustion, a heat responsive means removed from the combustion chamber connected with said switch adapted to prevent operation of the switch member when combustion occurs, and means for transmitting heat from the combustion chamber to the heat responsive means, said transmitting means being rendered operative solely by the activity of the electrically operated means."

The rejected claims of the instant application are intended to cover safety control mechanism in liquid fuel feeding devices which will shut off the fuel feeding device when insufficient heat is received from the pilot light and when combustion of the fuel has ceased. The safety mechanism does not operate to shut off the supply of fuel so long as heat from the pilot light and the burning fuel continue to come to the safety device through a tube which is shown in the drawings (the drawings in both applications being identical).

Appellant's patent was granted upon the showing and teaching that the safety mechanism "was controlled by the heat given off by the pilot · light." There it was taught that, if the pilot light went out, the bimetallic element would so contract on account of change of temperature as to shut off the fuel. Obviously this was a useful invention, the exclusive advantage of which appellant has had since November 6, 1928.

Appellant now seeks on the same disclosure to obtain a patent upon a device which will operate to shut off the fuel when combustion ceases even though the pilot light is still burning.

 The sole question in the case is whether or not there is sufficient disclosure in the original application to warrant granting appellant the claims at bar.

Appellant urges, in substance, that he insufficiently described his invention in his original application and that he has shown by affidavits in the instant record that the control mechanism in his original disclosure was stopped in part by the absence of heat from combustion and that the heat from the pilot light could not be drawn into the pipe without drawing the heat from combustion also.

This argument is not traversed by the Patent Office tribunals nor by the Solicitor in this court. The Solicitor's brief states: "However, the claims of the present appeal are not supported by a device in which heat from the pilot light operates the safety device (as clearly described in the original patent specification) even although heat is drawn from the burning fuel into the diaphragm casing, as is conceded. To support the present claims it must appear that the heat from the pilot light alone is insufficient to control the safety device, but this is directly contrary to the original description of the device. As above noted, the device operating as originally described was capable of performing a useful function and there was therefore no reason to suppose that there was any inaccuracy in stating the operation of the device."

This is the position taken by the Patent Office tribunals, and we are in accord with this view. Appellant in his original disclosure did not teach or show that his control device was operated in any part by the heat from combustion. He relied upon his novel teaching that it was controlled solely by the heat from the pilot light. He now contends· for a showing in his original structure which he says is inherent in the device. Appellant may not rely upon the device as a disclosure in the original application, in view of his very definite teachings therein. In re Lawson et al., 70 F.(2d) 373, 21 C. C. P. A. (Patents) 1091. See, also, In re Cogswell, 48 F. (2d) 402, 18 C. C. P. A. (Patents) 1136.

Appellant's patent stressed the operation of the diaphragm which continues fuel feeding on account of heat furnished from the pilot light. The appealed claims are directed to the operation of the diaphragm by heat from combustion when the heat from the pilot light is insufficient to control the diaphragm. Appellant's reissue application contemplates that the failure of combustion will so operate the control apparatus while the pilot light is still .in operation .as to shut off the fuel. The original disclosure did not teach or suggest this result or manner of operation. The absence of heat from the pilot light was all that was needed, according to the original patent, to stop the feeding device when combustion ceased.

The decision of the Board of Appeals is affirmed.

Affirmed.

LENROOT, Associate Judge, concurs in the conclusion.